# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANNON LAMONT KNOX,**

    **Plaintiff,**

    v.                                                               **Case No. 06C0061**

**OFFICER MICHAEL PENDERGAST,**
**and OFFICER GOGGINS,**

    **Defendants.**

## DECISION AND ORDER

On January 13, 2006, the plaintiff, Shannon Lamont Knox, filed a pro se complaint against defendants Officer Michael Pendergast and Officer Goggins. A review of the file indicates that Officer Goggins was served with a copy of the summons and complaint on January 17, 2006. However, he has not filed a responsive pleading in this action. There is no indication that defendant Pendergast has been served with a copy of the summons and complaint.

By letter dated May 24, 2006, the court advised Ms. Knox that she had not effected service upon defendant Pendergast and that, although defendant Goggins had been served, he had not filed a responsive pleading in this action. The plaintiff was directed to file a status report with the court on or before June 19, 2006, notifying the court of her efforts to serve defendant Pendergast and also stating how she plans to proceed with respect to defendant Goggins. The plaintiff did not file the requested status report and, on June 22, 2006, the court granted the plaintiff an additional period of time to July 20, 2006, to file the status report. In addition, the court advised the plaintiff that if she failed to file the status report by July 20,

2006, her action may be dismissed with prejudice for lack of diligence in prosecuting the action pursuant to Civil Local Rule 41.3 (E.D. Wis.). To date, the plaintiff has not filed the requested status report.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); see also Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chic. Bd. of Educ., 155 F.3d 853 (7th Cir. 1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. Rice, 333 F.3d at 785 (citing Ball v. City of Chicago, 2 F.3d 752, 756 (7th Cir. 1993)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

Based on a review of the record and upon consideration of the applicable law, the court concludes that this action should be dismissed for failure to prosecute. The plaintiff can petition for reinstatement of this action within 20 days.

- 2 -

Case 2:06-cv-00061-RTR    Filed 08/03/06    Page 2 of 3    Document 9

**IT IS THEREFORE ORDERED** that this action is **dismissed**, without prejudice, pursuant to Civil Local Rule 41.3 (E.D. Wis.).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin this 2 day of August, 2006.

/s
LYNN ADELMAN
District Judge