**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

SHANNON LAMONT KNOX,

        Plaintiff,

v.                                       Case No. 06-C-61

OFFICER MICHAEL PENDERGAST,
and OFFICER JOSEPH D. GOGGINS,[1]

        Defendants.

## DECISION AND ORDER

Several motions are pending in this civil rights action brought pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Shannon Lamont Knox ("Knox") against two City of Milwaukee Police Department ("MPD") law enforcement officers, Defendants Officer Michael Pendergast ("Pendergast") and Officer Goggins ("Goggins"). In a nutshell, the complaint alleges that "Knox has been targeted by Defendants Pendergast and Goggins for on-going harassment which has taken the form of unreasonable searches, verbal abuse and intimidation, thefts of his lawful property and falsification of official government documents (police reports), in official capacity and under color of state law." (Compl. 3.) The complaint requests compensatory damages against the Defendants in their individual and official capacities, and punitive damages.

---

[1] The Court has amended the caption to include Officer Goggins's given names.

## BACKGROUND

The action was commenced on January 13, 2006. Returns in the Court's file indicate that Goggins was served with the summons and complaint on January 17, 2006 (Docket No. 2), and that Pendergast was served with the summons and complaint on September 21, 2006. (Docket No. 15.)

On October 16, 2006, Knox obtained an extension of time until November 9, 2006, to inform the Court how he intended to proceed against Pendergast. On October 25, 2006, Knox filed a motion for default judgment against Goggins. Goggins entered a special appearance in this action, and filed a motion to dismiss the complaint against him pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure for failure to obtain proper service of the summons and complaint upon him, and an opposition to the motion for default judgment. Pendergast has not entered an appearance. Knox has not informed the Court how he intends to proceed against Pendergast.

## MOTION FOR DEFAULT JUDGMENT

On October 25, 2006, Knox filed a motion for default judgment against Goggins, asserting that on January 17, 2006, he personally served Goggins and that Goggins failed to respond to the complaint. Knox filed the affidavit of Adib Timbuktu ("Timbuktu") who states that on January 17, 2006, he "personally hand-delivered a copy of the complaint" in this action to Goggins in the lobby of the Third District MPD station and read the summons to Goggins. (Timbuktu Aff. filed Oct. 25, 2006.) Goggins opposes the motion.[2]

---

[2] Goggins's motion to dismiss is related in part to the motion for default judgment.

The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process. Under the rule, prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 at 13 (3d. ed. 1998).

Thereafter, the grant or denial of a motion for the entry of default judgment lies within the sound discretion of the trial court. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983).

> Even when a default judgment is warranted based on a party's failure to defend, **the allegations in the complaint with respect to the amount of the damages are not deemed true**. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.

*In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (emphasis added).

Knox did not file a request for entry of default against Goggins with the Clerk of the Court. Knox has not taken the first step of the two-step process to obtain a default judgment. Therefore, Knox's motion for default judgment is denied.

## MOTION TO DISMISS

Pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, Goggins seeks dismissal of the complaint on the ground that he was not properly served with

3

both the summons and complaint in this action. By means of his own affidavit and that of his attorney, Goggins maintains that he was only served with a copy of the complaint. (Lappen Aff. ¶¶ 1-3, 8; App. 3-4.) Goggins avers that on January 17, 2006, at about 4:10 p.m. he was informed that "Willie Jones" was waiting for him at the front desk of the district police station and that "Mr. Jones" presented him with three sheets of paper which were stapled together and that those three sheets of paper are attached to his affidavit. (Goggins Aff. ¶¶ 2-5.) Goggins avers that, as of the date of his affidavit, the only documentation that he has received about this litigation from any source is the three-page complaint which is attached to his affidavit. (*Id*. at ¶ 9.) Neither the complaint nor any additional sheets of paper are attached to the Goggins affidavit.

Knox maintains that Goggins was served with both the summons and complaint. Knox filed a second Timbuktu affidavit. Timbuktu avers that he served Goggins and "not only gave him a copy of the summons, but [Timbuktu] actually read it to him to comply with all of the rules of service." (Timbuktu Aff. filed Jan. 12, 2007, ¶ 1.)

A Rule 12(b)(5) motion to dismiss tests the sufficiency of service of process. When a defendant challenges the sufficiency of service of process, the plaintiff must make a *prima facie* showing of proper service, which allows the court to assert personal jurisdiction over the defendant. *See Trotter v. Oppenheimer & Co., Inc.*, No. 96-C-1238, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997). The requirements for proper service on individuals are established in Rule 4(e). *See Bilal v. Rotec Indus., Inc.*, No. 03-C-9220, 2004 WL 1794918, *3 (N.D. Ill. 2004)

4

Federal Rule of Civil Procedure 4(c)(1) provides that a summons "shall be served together with a copy of the complaint." A signed return of service constitutes *prima facie* evidence of valid service "which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

Knox has the burden of establishing the sufficiency of service of process. *See Trotter*, No. 96-C-1238, 1997 WL 102531, at *2. On January 19, 2006, Knox filed the signed return of service of the summons and complaint which indicates that Timbuktu executed service upon Goggins on January 17, 2006. (Docket No. 2.) Goggins's affidavit that he was only served with the complaint is conclusory. His attorney's statement that about January 19, 2006, she was "made aware of the fact" that Goggins was served with the complaint but not with any summons and her January 27, 2006, letter stating that service of the complaint was inadequate (Lappen Aff. ¶¶ 2-3, 5), do not make a sufficient factual showing. Goggins has not presented "clear and convincing evidence" to overcome the *prima facie* evidence of service established by the return filed on January 19, 2006.

Goggins also cites Rule 12(b)(4) of the Federal Rules of Civil Procedure as a basis for his motion. Rule 12(b)(4) is concerned with the form of the summons as dictated by Rule 4(a) and 4(b). *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 at 334 (3d ed. 2004). Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant, failing to specify the number of days allotted for defendant to answer, and failure to obtain a court seal or signature. *See O'Brien*, 998 F.2d at 1400. A motion challenging sufficiency of process under this rule **must point out specific**

5

**instances** where the plaintiff has failed to comply with the requirements of Rule 4. *See id.* (emphasis added).

In his motion and brief, Goggins has not identified any specific technical problem(s) with the summons. He simply denies that he received the summons. As such, he has not provided a basis for dismissal of the Complaint pursuant to Rule 12(b)(4).

Goggins's motion to dismiss is denied. Goggins shall file an answer to the Complaint on or before May 31, 2007.

## MOTION FOR RESTRAINING ORDER

Knox filed motion for an order restraining the Defendants from engaging in "extraneous conduct" with Knox.[3] Knox describes two incidents involving only Pendergast. Goggins opposes the motion. Pendergast has not responded to the motion.

A party seeking a preliminary injunction is required to demonstrate a likelihood of success on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002) (citing *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (citing *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992))). If the moving party can satisfy these conditions, the Court must then consider any irreparable harm an injunction would cause the nonmoving party. *Promatek*, 300 F.3d at 812 (citing *Ty*, 237 F.3d at 895). Finally, the Court must consider any consequences to the public from denying

---

[3]Knox's motion states that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that his motion is true and signing the motion, Knox has verified his motion pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in his motion are considered as if they were made in an affidavit.

6

or granting the injunction. *Id*. Sitting as a court of equity, the Court weighs all these factors employing a sliding-scale approach - the more likely the plaintiff's chance of success on the merits, the less the balance of harms need weigh in its favor. *Promatek*, 300 F.3d at 812 (citing *Abbott Labs*., 971 F.2d at 12).

The motion relates two incidents of verbal harassment of Knox by Pendergast. One occurred in October of 2006. The other occurred at a subsequent, but unspecified date. Both incidents post-date and are not alleged in the complaint, although they are somewhat similar to the conduct alleged in the complaint. Even if the incidents were alleged in the complaint, it is too early in the proceedings to determine whether Knox will succeed on the merits of his claims against Pendergast. (Pendergast has not even appeared in this action). Regardless, if he proves his claims, money damages would compensate Knox for the alleged harassment. Therefore, Knox would have an adequate remedy at law. Based on the foregoing, Knox's motion for a restraining order is denied.

## DEFENDANT PENDERGAST

The Court's October 16, 2006, Decision and Order directed Knox to inform the Court how he intended to proceed against Pendergast by November 9, 2006. That deadline passed without any response by Knox. To date, Pendergast has not appeared in this action. Knox has taken no action which addresses Pendergast's failure to file an answer or other responsive pleading despite having been served on September 21, 2006.

Review of the file discloses Knox's prior non-compliance with Court directives and orders. (*See* Letter dated May 24, 2006; Order issued June 22, 2006.) Knox has been

7
Case 2:06-cv-00061-RTR   Filed 05/11/07   Page 7 of 9   Document 39

warned several times that failure to comply with the Court's directives could result in dismissal of his action for failure to prosecute. (*Id.*; *see also* Decision and Order 1 (Sept. 11, 2006); Decision and Order 2 (Oct. 16, 2006).) This action was dismissed for failure to prosecute on August 3, 2006. Knox's petition for reinstatement of the action was granted on August 28, 2006.

Knox did not comply with the Court's October 16, 2006, directives. However, Knox filed the motion for a restraining order in early January 2007, seeking relief against Pendergast. Despite Knox's failure to comply with the Court's order, Knox has shown an intent to proceed in some fashion against Pendergast.

Knox is admonished that while a pro se litigant will "benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation omitted). Knox **shall** advise the Court how he intends to proceed to prosecute his claims against Pendergast, no later than May 25, 2007. Failure to comply with this Order may result in dismissal of Knox's claims against Pendergast.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Knox's motion for default judgment against Goggins (Docket No. 26) is **DENIED**.

Goggins's motion to dismiss (Docket No. 31) is **DENIED**.

Goggins **SHALL** file an answer to the complaint **on or before May 31, 2007**.

Knox's petition for a restraining order (Docket No. 35) is **DENIED**.

Knox shall advise the Court how he intends to proceed to prosecute his claims against Pendergast **no later than May 25, 2007**.

Failure to comply with this Order may result in dismissal of Knox's claims against Pendergast.

Dated at Milwaukee, Wisconsin this 11th day of May, 2007.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**